1
2
3  O
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA
10
11  ROBERTO HERRERA,                    )  Case No.  CV 13-8643-JAK (DTB)
                                        )
12              Petitioner,             )
         vs.                            )  ORDER SUMMARILY DISMISSING
13                                      )  PETITION FOR WRIT OF HABEAS
    CONNIE GIPSON, Warden,              )  CORPUS FOR LACK OF SUBJECT
14                                      )  MATTER JURISDICTION
                Respondent.            )
15                                      )
                                        )
16  ─────────────────────────────────  )

17        On November 22, 2013, petitioner filed a Petition Under 28 U.S.C. § 2254 for

18  Writ of Habeas Corpus by a Person in State Custody herein.  It appears from the face

19  of the Petition that it is directed to the same 2004 Los Angeles County Superior Court

20  conviction as the prior habeas petitions filed by petitioner in this Court on November

21  5, 2012, in CV 12-9457-JAK (DTB), on November 16, 2012, in CV 12-9818-JAK

22  (DTB), on February 1, 2013, in CV 13-705-JAK (DTB), and on February 5, 2013, in

23  CV 13-812-JAK (DTB).  On May 31, 2013, Judgment was entered in CV 12-9457-

24  JAK (DTB), denying the petition and dismissing that action with prejudice.  On July

25  12, 2013, Judgment was entered in CV 12-9818-JAK (DTB), denying the petition and

26  dismissing that action with prejudice.  On August 8, 2013, Judgment was entered in

27  CV 13-812-JAK (DTB), denying the petition and dismissing that action with

28  prejudice.  On September 4, 2013, Judgment was entered in CV 13-705-JAK (DTB),

1

1  denying the petition and dismissing that action with prejudice.  Petitioner filed a

2  notice of appeal from the Judgment entered in  CV 12-9457-JAK (DTB) on June 12,

3  2013; a notice of appeal from the Judgment entered in  CV 12-9818-JAK (DTB) on

4  July 12, 2013; a notice of appeal from the Judgment entered in  CV 13-812-JAK

5  (DTB) on August 28, 2013; and a notice of appeal from the Judgment entered in  CV

6  13-705-JAK (DTB) on September 4, 2013.

7      According the PACER, the status of petitioner's appeal is CV 12-9457-JAK

8  (DTB) is as follows: On August 5, 2013, petitioner filed a motion for appointment of

9  counsel which is currently pending.  The status of petitioner's appeal is CV 12-9818-

10  JAK (DTB) is as follows: On September 11, 2013, petitioner filed a request for

11  certificate of appealabilty and on September 20, 2013 and November 8, 2013,

12  petitioner amended the same.  The status of petitioner's appeal in CV 13-812-JAK

13  (DTB) is as follows: On September 16, 2013, petitioner filed a request for certificate

14  of appealabilty and on November 1, 2013, petitioner amended the same.  The status

15  of petitioner's appeal in CV 13-705-JAK (DTB) is as follows: On November 1, 2013,

16  petitioner filed a motion for appointment of counsel which is currently pending.

17      The Petition now pending is governed by the provisions of the Antiterrorism

18  and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act")

19  which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C.

20  § 2244(b) to read, in pertinent part, as follows:

21          "(1) A claim presented in a second or successive habeas corpus

22      application under section 2254 that was presented in a prior application

23      shall be dismissed.

24          (2) A claim presented in a second or successive habeas corpus

25      application under section 2254 that was not presented in a prior

26      application shall be dismissed unless--

27  / / /

28  / / /

2

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Thus, it appears that the Petition now pending constitutes a second and/or successive petition challenging the same conviction as petitioner's prior habeas petitions referenced above, within the meaning of 28 U.S.C. § 2244(b). As such, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

/ / /

/ / /

/ / /

/ / /

/ / /

3

1        For the foregoing reasons, IT IS ORDERED that this action be summarily

2  dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

3  United States District Courts.

4        LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6  DATED:     January 2, 2014

7

8

9                                JOHN A. KRONSTADT
                                  UNITED STATES DISTRICT JUDGE

10

11  Presented by:

12

13

14  David T. Bristow
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4